**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>ENTRUST ENERGY, INC., *et al.*,<br><br><br>Post-Confirmation Debtors. | Chapter 11<br><br>Case No. 21-31070 (MI) |
| ANNA PHILLIPS, as trustee of the ENTRUST LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.,<br><br>Defendant. | Adv. Proc. No. 22-03018 (MI) |

**ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.'S**
**REPLY IN SUPPORT OF ITS MOTION FOR ABSTENTION**
**AND TO DISMISS SECOND AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

Table of Authorities ..................................................................................................... iii

I.   Summary of Argument ............................................................................................. 1

II.  Arguments and Authorities ....................................................................................... 2

   A.  ERCOT has not cited any materials the Court cannot consider. ........................................ 2

   B.  The Court must abstain under *Burford v. Sun Oil Co.* ................................................. 2

   C.  The Court should abstain under 28 U.S.C. § 1334(c)(1). .............................................. 3

      1.  ERCOT is not barred from seeking permissive abstention. .................................. 3

      2.  The majority of the § 1334 factors favor abstention ....................................... 4

   D.  The Second Amended Complaint must be dismissed because the Trustee has failed to exhaust her administrative remedies. ....................................................... 6

      1.  Administrative exhaustion is required. ................................................. 7

      2.  ERCOT has not waived administrative exhaustion. ....................................... 9

   E.  The Trustee fails to plead a takings claim on which relief can be granted. ..................... 10

      1.  The Trustee applies the wrong test for § 1983 personhood. ............................. 10

      2.  The Trustee cannot proceed directly under the Fifth Amendment, regardless of a purported "catch-22." ......................................... 11

      3.  The Trustee admits takings claims sounding in contract must be dismissed. ............................................................... 12

      4.  ERCOT cannot be liable for transitioning customers to a POLR. ........................ 14

      5.  The Trustee does not adequately plead the elements of her takings claim .............. 14

   F.  The Trustee's gross negligence claim must be dismissed for failure to state a claim upon which relief can be granted. .................................................. 16

      1.  ERCOT is immune from the Trustee's gross negligence claim. ........................... 16

      2.  Because the Trustee has not pleaded the conduct of any vice principal or agent, ERCOT cannot "act" grossly negligent. ..................................... 17

      3.  Texas has not recognized a duty between ERCOT and Market Participants, and this Court should not create one. ............................... 18

4.   The Trustee has not pleaded the requisite conscious indifference required to sustain a gross negligence claim. ................................................... 18

5.   Because the Trustee has pleaded no actual damages, her gross negligence claim must be dismissed. ................................................... 19

6.   The gross negligence claim is barred by the statute of limitations. ..................... 20

7.   The economic loss doctrine bars the Trustee's recovery for her gross negligence claim. ................................................... 22

G.   The Trustee should not be permitted leave to amend her claims *again*. ......................... 22

III.   Conclusion and Request for Relief. ................................................... 23

## **TABLE OF AUTHORITIES**

**Cases**                                                                                           **Page(s)**

*Abdallah v. Life Time Fitness, Inc.*,
    No. 4:22-CV-00976, 2024 WL 726290 (S.D. Tex. Jan. 23, 2024) ...................................17, 18

*Matter of AKD Invs.*,
    79 F.4th 487 (5th Cir. 2023) ...........................................................................................................3

*Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am.*,
    272 F.3d 276 (5th Cir. 2001) .........................................................................................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).....................................................................................................................20

*Bank of La. v. Craig's Stores of Tex., Inc. (In re Craig's Stores of Tex., Inc.)*,
    266 F.3d 388 (5th Cir. 2001) .........................................................................................................5

*Beanal v. Freeport-McMoran, Inc.*,
    197 F.3d 161 (5th Cir.1999) ........................................................................................................19

*Blaire v. Deutsche Bank Nat'l Tr. Co.*,
    609 F. App'x 767 (5th Cir. 2015) ...............................................................................................22

*Burford v. Sun Oil Co.*,
    319 U.S. 315 ....................................................................................................................1, 2, 3, 10

*Chapman Custom Homes, Inc. v. Dall. Plumbing Co.*,
    445 S.W.3d 716 (Tex. 2014)........................................................................................................22

*CPS Energy v. ERCOT*,
    671 S.W.3d 605 (Tex. 2023)..............................................................................................7, 8, 17

*Cunningham v. U.S. C.I.R.*,
    165 B.R. 599 (N.D. Tex. 1993).....................................................................................................7

*Daves v. Dall. Cnty.*,
    22 F.4th 522 (5th Cir. 2022) .................................................................................................10, 11

*Degan v. Bd. of Trs. of the Dall. Police & Fire Pension Sys.*,
    956 F.3d 813 (5th Cir. 2020) .......................................................................................................14

*DeVillier v. Texas*,
    53 F.4th 904 (5th Cir. 2023), *vacated on other grounds*, 601 U.S. 285 (2024)................11, 12

*DeVillier v. Texas*,
    601 U.S. 285 (2024)..............................................................................................................11, 12

*DeVillier v. Texas*,
    63 F.4th 416 (5th. Cir. 2023) (mem. op.)................................................................12

*Dorsey v. Portfolio Equities, Inc.*,
    540 F.3d 333 (5th Cir. 2008) ......................................................................................2

*Elephant Ins. Co., LLC v. Kenyon*,
    644 S.W.3d 137 (Tex. 2022)......................................................................................18

*In re Entrust*,
    101 F.4th 369 (5th Cir. 2024) ......................................................................... *passim*

*Eychaner v. City of Chi.*,
    141 S. Ct. 2422 (2021)................................................................................................15

*Faulkner v. Lane Gorman Trubitt, LLC (In re Reagor-Dykes Motors, LP)*,
    Nos. 18-50214-RLJ-11, 21-05002, 2021 WL 4823525 (Bankr. N.D. Tex. Oct. 14, 2021).......5

*Flores v. United States Attorney Gen.*,
    No. 1:14-CV-198, 2015 WL 1088782 (E.D. Tex. Mar. 4, 2015) ..............................2

*Gilbane Bldg. Co. v. Air Sys. (In re Encompass Servs. Corp.)*,
    337 B.R. 864 (Bankr. S.D. Tex. 2006) ......................................................................5

*Greater Hous. Transp. Co. v. Phillips*,
    801 S.W.2d 523 (Tex. 1990).....................................................................................18

*In re Griddy Energy, LLC*,
    Adv. No. 22-3315, 2025 WL 1521719 (Bankr. S.D. Tex. May 28, 2025) .................7

*Griffin Broadband Commc'ns, Inc. v. United States*,
    79 Fed. Cl. 320 (2007), *aff'd*, 287 F. App'x 108 (Fed. Cir. 2008) .........................13

*Hanna v. Plumer*,
    380 U.S. 460 (1965)..................................................................................................20

*Hooten v. United States*,
    405 F.2d 1167 (5th Cir. 1969) (per curiam)............................................................13

*Hous. Baseball Partners LLC v. Comcast Corp. (In re Hous. Reg'l Sports Network, L.P.)*,
    514 B.R. 211 (Bankr. S.D. Tex. 2014) ...................................................................4, 5

*Jacoby & Meyers, LLP v. Presiding Justices of the First, Second, Third and Fourth Dep'ts, Appellate Division of the Supreme Ct. of the State of N.Y.*,
    118 F. Supp. 3d 554 (S.D.N.Y. 2015).......................................................................3

*Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Tex.*,
    20 F.3d 1362 (5th Cir. 1994) ...................................................................................21

*Kelly v. Nichamoff*,
    868 F.3d 371 (5th Cir. 2017) ............................................................................16

*Kelo v. City of New London*,
    545 U.S. 469 (2005)...........................................................................................15

*Local 54 Patrolman's Benevolent Ass'n v. Fontoura*,
    No. 06-6278 (SDW), 2007 WL 4165158 (D.N.J. Nov. 19, 2007)............................3

*Lucky Tunes #3, L.L.C. v. Smith*,
    812 F. App'x 176 (5th Cir. 2020) ......................................................................15

*McClenon v. Statebridge Co., LLC (In re McClenon)*,
    Nos. 18-31864, 18-03349, 2019 WL 451241 (Bankr. S.D. Tex. Feb. 4, 2019) ...................5, 6

*McVey v. Johnson (In re SBMC Healthcare, LLC)*,
    519 B.R. 172 (Bankr. S.D. Tex. 2014) .................................................................4

*Me. Cmty. Health Options v. United States*,
    590 U.S. 296 (2020)...........................................................................................12

*Mesquite Asset Recovery Grp. L.L.C. v. City of Mesquite*,
    ---F.4th---, 2025 WL 2700591 (5th Cir. Sept. 23, 2025).......................................12

*Mobil Oil Corp. v. Ellender*,
    968 S.W.2d 917 (Tex. 1998), *report and recommendation adopted,* No. 4:22-CV-00976,
    2024 WL 943460 (S.D. Tex. Mar. 5, 2024)...........................................................18

*Moon v. City of El Paso*,
    906 F.3d 352 (5th Cir. 2018) .............................................................................21

*Natixis Funding Corp. v. Genon Mid-Atlantic, L.L.C. (In re Genon Mid-Atlantic Dev., L.L.C.)*,
    42 F.4th 523 (5th Cir. 2022)................................................................................5

*Nelms v. TXU Retail Energy Co.*,
    No. 22-3025, 2022 WL 6795069 (S.D. Tex. Bankr. Oct. 6, 2022) .........................14

*Omnia Com. Co. v. United States*,
    261 U.S. 502 (1923)...........................................................................................13

*In re Oncor Electric Delivery Co., LLC*,
    716 S.W.3d 525 (Tex. 2025)...............................................................................19

*Pennzoil Co. v. Texaco, Inc.*,
    481 U.S. 1 (1987).................................................................................................3

*Preston Hollow Cap., LLC v. Cottonwood Dev. Corp.*,
    23 F.4th 550 (5th Cir. 2022) ..........................................................................12, 13

v

*Pub. Util. Comm'n of Tex. v. Luminant*,
    691 S.W.3d 448 (Tex. 2024) ......................................................................2, 19

*Public Utility Comm'n of California v. United States*,
    355 U.S. 534 (1958) ..............................................................................................8

*PUC v. Constellation Energy Commodities Grp., LLC*,
    351 S.W.3d 588 (Tex. App.—Austin 2011, pet. denied) .......................................14

*In re Republic Reader's Serv., Inc.*,
    81 B.R. 422 (Bankr. S.D. Tex. 1986) ...................................................................6, 7

*Siverston v. Citibank, N.A.*,
    309 F. Supp. 3d 785 (E.D. Tex. 2019) ...................................................................21

*In re Supreme Beef Processors, Inc.*,
    468 F.3d 248 (5th Cir. 2006) (en banc) ...............................................................17

*Suter v. Univ. of Tex. San Antonio*,
    495 F. App'x 506 (5th Cir. 2012) .........................................................................21

*U.S. Brass Corp. v. Travelers Ins. Grp., Inc. (In re U.S. Brass Corp.)*,
    301 F.3d 296 (5th Cir. 2002) ................................................................................5

*United States v. 0.073 acres of land, more or less, situate in Pars. of Orleans & Jefferson*,
    705 F.3d at 547 (5th Cir. 2013) .....................................................................13, 15

*United States v. Kaluza*,
    780 F.3d 647 (5th Cir. 2015) ................................................................................2

*United States v. Miller*,
    604 U.S. 518 (2025) .......................................................................................9, 17

*In re Univ. Med. Ctr.*,
    973 F.2d 1065 (3d Cir. 1992) ..............................................................................7

*Wagner & Brown, Ltd. v. Horwood*,
    58 S.W.3d 732 (Tex. 2001) .................................................................................21

*Walker v. Armco Steel Corp.*,
    446 U.S. 740 (1980) ...........................................................................................20

*White v. Frank*,
    895 F.2d 243 (5th Cir. 1990) ..............................................................................10

*Wilkerson v. Univ. of N. Tex.*,
    878 F.3d 147 (5th Cir. 2017) ..............................................................................16

**Statutes**

11 U.S.C. § 548(a)(1)(B) ...........................................................................................15

28 U.S.C. § 1334(c)(1)..........................................................................................1, 3, 4, 6

28 U.S.C. § 1334(d) ..................................................................................................4

42 U.S.C. § 1983 .......................................................................................... *passim*

TEX. UTIL. CODE § 39.001 ......................................................................................14

**Other Authorities**

16 TEX. ADMIN. CODE § 25.43(o)(2) .......................................................................14

Defendant Electric Reliability Council of Texas, Inc. files this reply in support of its motion for abstention and to dismiss [ECF No. 109] the Second Amended Complaint of Plaintiff Anna Phillips, as trustee of the Entrust Liquidating Trust.

## I.   SUMMARY OF ARGUMENT

1.      The Court must abstain under *Burford* in compliance with the Fifth Circuit's opinion in *Entrust*. The Trustee's withdrawal of Entrust's ADR does not undo the Fifth Circuit's clear admonition that the issues in this case are not for this Court to decide but instead reinforces that this Court cannot proceed. And the Trustee's failure to pursue Entrust's ADR is fatal to her suit because it constitutes a failure to exhaust administrative remedies, which is required here. The Court alternatively may abstain under § 1334(c)(1) because all but two of the relevant factors weigh in favor of abstention.

2.      Further, the Trustee has failed to state any claim for which this Court could grant relief. The Trustee's takings claim fails for several reasons. ERCOT is not a person under § 1983. And the Trustee cannot bring a direct Fifth Amendment claim. The Trustee admits her claim sounds in contract, necessitating dismissal. And ERCOT cannot be held liable for transitioning customers to a POLR under the same contractual scheme. But even aside from these threshold issues, the Trustee has still failed to adequately plead the elements of a takings claim.

3.      Lastly, the Trustee's gross negligence claim must be dismissed. ERCOT is immune under Texas law. Regardless, the Trustee has not pleaded a cognizable duty recognized by any court in Texas nor has she pleaded the requisite conscious indifference required under Texas law. She does not identify a vice principal or agent who could have acted negligently. But the Trustee *has* pleaded a complete bar to relief under Texas's statute of limitations. And she has pleaded herself out of any recoverable damages, under both the filed rate doctrine and the economic loss doctrine.

4.     Because the Trustee's third attempt to state a claim fails, this Court should dismiss both claims with prejudice.

## II.     ARGUMENTS AND AUTHORITIES

### A.     ERCOT has not cited any materials the Court cannot consider.

5.     The Trustee claims ERCOT relies on a "plethora of extraneous materials" outside the pleadings and asks the Court to ignore items cited in paragraphs 6, 31, 76, and 77 of the Motion.[1] Paragraph 6 cites ERCOT's Notice Regarding Withdrawal of ADR [ECF No. 106]—a pleading.[2] The Court may consider it.[3] ERCOT does not rely on any authority in paragraph 31 other than case law.[4] And paragraphs 76 and 77 cite legislative history for Senate Bill 3, which is now law.[5] The Court may consider this legislative history in ruling on the Motion.[6]

### B.     The Court must abstain under *Burford v. Sun Oil Co.*

6.     The Trustee (wrongly) construes the Mandate as requiring this Court to proceed because *Luminant* has been decided.[7] The Trustee ignores the *Burford* problems—recognized by the Fifth Circuit—plaguing her takings and gross negligence claims.[8] The Fifth Circuit found the Court abused its discretion in failing to abstain on the very claims the Trustee would like the Court

---

[1] Resp. ¶ 43 & n.49.

[2] Mot. ¶ 6 n.2.

[3] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Generally, a court ruling on a 12(b)(6) motion may rely on . . . matters of which [it] may take judicial notice."); *Flores v. United States Attorney Gen.*, No. 1:14-CV-198, 2015 WL 1088782, at *3 (E.D. Tex. Mar. 4, 2015) (court can take judicial notice of publicly filed items in pending case or others).

[4] Mot. ¶ 31.

[5] *Id.* ¶¶ 76 n.185, 77 n.189.

[6] *United States v. Kaluza*, 780 F.3d 647, 658 (5th Cir. 2015) (considering legislative history on a motion to dismiss).

[7] Resp. ¶¶ 46, 51.

[8] *See* Mot. ¶¶ 16-24 (citing, *inter alia*, *In re Entrust*, 101 F.4th 369, 388-91 (5th Cir. 2024)).

to now hear.[9] The Trustee, in failing to analyze the *Burford* factors, does not explain why the Court can now proceed. To the contrary, the Mandate, which, according to the Trustee is law of the case,[10] left no room for the Court to do anything but abstain on these issues.

7.      By withdrawing her ADR, the Trustee "chose not to present to the Texas courts" issues the Fifth Circuit advised must be decided there.[11] In choosing to forego state administrative review in the abatement period, the Trustee has engaged in "judicial manipulation [that is] tantamount to forum shopping and in direct contravention of state and administrative efficiency."[12] As a result, there is still no ruling from a proper forum on the issues on which this Court was directed to abstain.

**C.      The Court should abstain under 28 U.S.C. § 1334(c)(1).**

      **1.      ERCOT is not barred from seeking permissive abstention.**

8.      The Trustee argues the Court is also precluded from permissively abstaining because the Fifth Circuit decided the issue by implication in *Entrust*.[13] It did not. An issue can only be deemed to have been "decided tacitly or implicitly," for purposes of the law-of-the-case

---

[9] *Entrust*, 101 F.4th at 390-91.

[10] Resp. ¶ 51. The law-of-the-case doctrine, which "is based on the salutary and sound public policy that litigation should *come to an end*," holds that a court's "decision should continue to govern the same issues in subsequent stages of the case." *Matter of AKD Invs.*, 79 F.4th 487, 491 (5th Cir. 2023) (emphasis added). To the extent the doctrine applies here, it applies in favor of abstention. *Jacoby & Meyers* does not hold otherwise. Resp. ¶ 50 (discussing *Jacoby & Meyers, LLP v. Presiding Justices of the First, Second, Third and Fourth Dep'ts, Appellate Division of the Supreme Ct. of the State of N.Y.*, 118 F. Supp. 3d 554, 565-66 (S.D.N.Y. 2015)). Rather, in *Jacoby & Meyers*, the Second Circuit directed the Southern District of New York *not* to abstain. *Jacoby & Meyers*, 118 F. Supp. 3d at 566. The opposite has occurred here. *See Entrust*, 101 4th at 391-91.

[11] *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *see also id.* at 16 n.16 (holding that a claimant "cannot escape *Younger* abstention by failing to assert its state remedies in a timely manner"); *Local 54 Patrolman's Benevolent Ass'n v. Fontoura*, No. 06-6278 (SDW), 2007 WL 4165158, at *4 (D.N.J. Nov. 19, 2007).

[12] *Local 54*, 2007 WL 4165158, at *4.

[13] *See* Resp. ¶ 53.

doctrine, if the issue was "fully briefed to the appellate court and" was a "necessary predicate[] to the court's ability to address the" question the court reached and expressly decided.[14] Here, however, neither party to the *Entrust* decision briefed permissive abstention because the Fifth Circuit lacked appellate jurisdiction over that issue.[15] Because the Fifth Circuit lacked jurisdiction over ERCOT's permissive-abstention argument—and because the two abstention doctrines are independent and neither is a "predicate[]" for the other—the Court cannot have resolved the applicability of that doctrine "tacitly or implicitly."[16] The Trustee thus wrongly asserts that ERCOT had "every opportunity to raise its section 1334(c)(1) arguments before the Fifth Circuit."[17] Consequently, ERCOT did not waive this argument nor is it barred by the law-of-the-case doctrine.

### 2.      The majority of the § 1334 factors favor abstention.

9.      The Trustee argues that none of the fourteen § 1334(c)(1) factors favor abstention. As set forth in detail in the Motion, the majority of them do.[18] Rather than individually address each factor again, Factors 1, 2, 6, and 12 warrant further discussion because these are routinely given significant importance,[19] and the Trustee cannot credibly argue against any of these factors.

---

[14] *Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 279 (5th Cir. 2001) (cleaned up).

[15] 28 U.S.C. § 1334(d) ("Any decision to abstain or not to abstain made under [§ 1334(c)(1)] is not reviewable by appeal or otherwise by the court of appeals . . . .").

[16] *Alpha/Omega*, 272 F.3d at 279.

[17] Resp. ¶ 57.

[18] Mot. ¶¶ 28-40.

[19] *Hous. Baseball Partners LLC v. Comcast Corp. (In re Hous. Reg'l Sports Network, L.P.)*, 514 B.R. 211, 217 (Bankr. S.D. Tex. 2014) ("[T]he Court must determine which arguments are of greater importance and persuasion."); *McVey v. Johnson (In re SBMC Healthcare, LLC)*, 519 B.R. 172, 193 (Bankr. S.D. Tex. 2014).

10.     Factor 1, efficient administration of the estate, and Factor 6, degree of relatedness, are routinely evaluated in tandem and both support abstention. Citing out-of-circuit authority, the Trustee argues that "even after a plan is confirmed, 'the efficient administration of the estate is impacted where the litigation is intrinsically connected to the Plan and its outcome could have a significant impact on recovery by creditors.'"[20] But in *this* Circuit, the law is clear that once the plan of reorganization has been confirmed, as is the case here, the estate ceases to exist.[21] This Court has thus correctly held that when "there is no estate in existence, there can be no effect on the administration of the Debtor's estate," regardless of how the litigation may impact creditors.[22]

11.     Factor 2, the predominance of state law issues, supports abstention. The Trustee incorrectly relies on the fact that this adversary proceeding involves an objection to a proof of claim in an attempt to diminish the overwhelming predominance of state law issues. Again, the

[20] Resp. ¶ 60 (citing, *inter alia*, *AASI Creditor Liquidating Tr. v. Peoplesoft, USA, Inc. (In re All Am. Semiconductor, Inc.)*, Adv. No. 09-1466, 2010 WL 2854153, at *3 (Bankr. S.D. Fla. July 20, 2010)).

[21] *Natixis Funding Corp. v. Genon Mid-Atlantic, L.L.C. (In re Genon Mid-Atlantic Dev., L.L.C.)*, 42 F.4th 523, 534 (5th Cir. 2022) ("Confirmation dissolves the debtor's estate . . . ."); *U.S. Brass Corp. v. Travelers Ins. Grp., Inc. (In re U.S. Brass Corp.)*, 301 F.3d 296, 304 (5th Cir. 2002); *Bank of La. v. Craig's Stores of Tex., Inc. (In re Craig's Stores of Tex., Inc.)*, 266 F.3d 388, 390 (5th Cir. 2001); *see also Faulkner v. Lane Gorman Trubitt, LLC (In re Reagor-Dykes Motors, LP)*, Nos. 18-50214-RLJ-11, 21-05002, 2021 WL 4823525, at *6 (Bankr. N.D. Tex. Oct. 14, 2021) ("This lawsuit should not have an effect or lack of effect on the efficient administration of the estate if the Court remands (there is no longer a bankruptcy estate to administer, and a liquidating plan has been confirmed).").

[22] *McClenon v. Statebridge Co., LLC (In re McClenon)*, Nos. 18-31864, 18-03349, 2019 WL 451241, at *3 (Bankr. S.D. Tex. Feb. 4, 2019) (holding that this factor favored abstention "because a plan has already been confirmed"); *Gilbane Bldg. Co. v. Air Sys. (In re Encompass Servs. Corp.)*, 337 B.R. 864, 878 (Bankr. S.D. Tex. 2006); *In re Hous. Reg'l Sports Network, L.P.*, 514 B.R. at 217.

Trustee does not cite to *any* controlling cases.[23] *Entrust* explained the predominance of state law issues in the pending claims.[24] Factor 2 therefore favors abstention.

12.     Factor 12, presence of non-debtor parties, supports abstention.[25] The Trustee admits the Debtors are not parties to this adversary proceeding.[26] The fact that the Trustee believes she is a fiduciary of the Debtors does not make any Debtor a party to this proceeding. The fact that ERCOT "has voluntarily subjected itself to this Court's jurisdiction by" filing proofs of claim does not make any Debtor a party to this proceeding. Factor 12 weighs strongly in favor of abstention.[27]

13.     This Court should permissively abstain under § 1334(c)(1).

**D.     The Second Amended Complaint must be dismissed because the Trustee has failed to exhaust her administrative remedies.**

14.     The Trustee does not dispute she has failed to present the issues in this case to the PUC.[28] Instead, she argues she is somehow exempt from Texas's pervasive regulatory scheme and may proceed before this Court without first seeking relief from the PUC.

---

[23] Resp. ¶ 61 n.71 (citing *Penson Techs. LLC v. Schonfeld Grp. Holdings LLC (In re Penson Worldwide)*, 587 B.R. 6, 23 (Bankr. D. Del. 2018)).

[24] *Entrust*, 101 F.4th at 389.

[25] *In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 428-29 (Bankr. S.D. Tex. 1986) ("A final factor of considerable importance is the presence of nondebtor plaintiffs or defendants in the matter being considered for abstention. The right of nondebtor parties to a nonbankruptcy court forum, particularly if a jury trial right exists in a nondebtor's case, presents a compelling argument for abstention.").

[26] Resp. ¶ 70 ("The only two parties to this action are the Trustee (a fiduciary of the Debtors) and ERCOT. . . .").

[27] *See McClenon*, 2019 WL 451241, at *4 (holding, in a case brought by the debtor, that this "factor favors abstention because all of the Defendants are non-debtor parties").

[28] Resp. ¶¶ 75–84.

1.      **Administrative exhaustion is required.**

15.     The Trustee is required to exhaust its administrative remedies before the PUC with respect to the issues underlying both of her claims.[29] "Until then, the trial court lacks subject-matter jurisdiction and must dismiss the claims with issues that come within the agency's exclusive jurisdiction."[30] And this Court, in reviewing "whether there are procedures a Market Participant *must* exhaust first," determined that "*Entrust* recognizes that there is an administrative procedure for review of ERCOT's decisions."[31]

16.     The Trustee relies on *Cunningham* for the proposition that when there is an independent basis for bankruptcy jurisdiction, administrative exhaustion is not required.[32] *Cunningham* stands for no such proposition, and the Trustee's direct quote purportedly found in *Cunningham* is nowhere to be found there.[33] In any event, the Trustee's claims *do not* support an independent basis for bankruptcy jurisdiction. The takings claim is pleaded under the United States Constitution, and the gross negligence claim is a non-core, state-law claim.[34]

---

[29] *CPS Energy v. ERCOT*, 671 S.W.3d 605, 618 (Tex. 2023) (holding Texas's "pervasive regulatory scheme" imparts exclusive jurisdiction to the PUC including "complete authority" to oversee and investigate ERCOT's conduct).

[30] *Id.* at 617–18 (citing *Forest Oil Corp. v. El Rucio Land & Cattle Col*, 518 S.W.3d 422, 428 (Tex. 2017)).

[31] *In re Griddy Energy, LLC*, Adv. No. 22-3315, 2025 WL 1521719, at *7–8 (Bankr. S.D. Tex. May 28, 2025) (Isgur, J.) (emphasis added) (citing *In re Entrust*, 101 F.4th 369, 380 (5th Cir. 2024)).

[32] Resp. ¶ 76 (citing *Cunningham v. U.S. C.I.R.*, 165 B.R. 599, 604 (N.D. Tex. 1993)).

[33] *See generally Cunningham*, 165 B.R. at 604. The proposition that "where there is an independent basis for bankruptcy jurisdiction, exhaustion of administrative remedies pursuant to other jurisdictional statutes is not required" may be a rule in other jurisdictions, *see In re Univ. Med. Ctr.*, 973 F.2d 1065, 1073-74 (3d Cir. 1992) (agreeing with the Ninth Circuit), but the Trustee cites no binding authority that this Court should apply it.

[34] *See In re Republic Reader's*, 81 B.R. at 428.

17.     The Trustee alternatively attempts to avoid exhaustion for her takings claim arguing exhaustion is not required where the claim cannot be resolved on nonconstitutional grounds.[35] According to the Trustee, her takings claim "squarely pits the Constitution against a Texas statute, and the PUC cannot be relied on to rule on this constitutional dispute."[36] This argument ignores that presenting the relevant issues to the PUC is a *preliminary* step in the administrative scheme Texas has created for the issues the Trustee seeks to litigate here.[37] It also ignores the explicit admonition in *Entrust*: "Texas courts" are "to make th[e] call" as to whether "just compensation for every Mass Transition" is required.[38] The Trustee's failure to exhaust prevents Texas courts from making the decision.

18.     Moreover, the Trustee's principal case, *Public Utility Commission of California v. United States* ("*PUC of Cal.*") is distinguishable.[39] In *PUC of Cal.*, the United States challenged the constitutionality of a California regulatory statute.[40] The Trustee does not challenge the constitutionality of Texas's regulatory scheme nor is there a conflict between federal and state law here.[41] Whether Entrust should be compensated for the Mass Transition of its customers is exactly the type of issue the PUC could adjudicate.[42] The PUC determines "a Mass Transition needs to

---

[35] Resp. ¶ 77.

[36] *Id.*

[37] *Entrust*, 101 F.4th at 380.

[38] *Id.* at 390.

[39] Resp. ¶ 77 (citing 355 U.S. 534, 539-40 (1958)).

[40] *PUC of Cal.*, 355 U.S. at 539-40.

[41] Compl. ¶¶ 32–37.

[42] *Entrust*, 101 F.4th at 390 (holding it is up the state of Texas "to make th[e] call" whether a Mass Transition warrants compensation); *see also CPS Energy*, 671 S.W.3d at 620 ("[A] litigant must avail itself of statutory remedies that may moot its takings claim, rather than directly institute a separate proceeding asserting such a claim."); *see also Entrust*, 101 F.4th at 384 (citing *CPS*

occur" when a retail energy provider "fails to provide service to the customer or fails to meet its obligation to ERCOT."[43] Adjudication of any liability for a Mass Transition should be resolved before the PUC and then Texas courts.

### 2. ERCOT has not waived administrative exhaustion.

19.     The Trustee next argues ERCOT waived its administrative exhaustion requirement by (a) filing proofs of claim and (b) failing to raise exhaustion until now.[44] The Trustee does not cite any binding authority that filing a proof of claim waives an administrative exhaustion requirement. The principles of *United States v. Miller* are instructive.[45] The Supreme Court made clear § 106(a) "abrogates sovereign immunity for the federal cause of action created by § 544(b). It does not take the additional step of abrogating sovereign immunity for whatever state-law claim supplies the 'applicable law.'"[46] To do so would be an unconstitutional intervention by the federal government into state-law causes of action.[47] The Trustee's attempt to avoid invoking the administrative scheme to resolve her gross-negligence claim, rooted in state law, would ask this Court to violate these principles of federalism.

20.     Moreover, *Entrust* itself casts doubt on the Trustee's argument the proof of claim waives administrative exhaustion. Indeed, "[b]y filing a proof-of-claim in the bankruptcy court, ERCOT consented only implicitly to the adjudication of the pricing claims in a federal forum."[48]

---

*Energy* for the premise that the PUC would pay damages, and enough damages would "forc[e] the PUC to authorize a rate increase that it would not otherwise be inclined to make.").

[43] Mot. ¶ 48 (citing *Entrust*, 101 F.4th at 389).

[44] Resp. ¶ 82.

[45] 604 U.S. 518, 527, 529–30 (2025).

[46] *Id.*

[47] *Id.*

[48] *Entrust*, 101 F.4th at 392 n.17.

And *Entrust* held "[t]he fact that ERCOT availed itself of a federal forum does not require" the fifth *Burford* factor—whether there is a special state forum for judicial review—to weigh against abstention.[49] By that logic, filing a proof of claim does not impact the requirement that the Trustee first raise her claims in a state forum.

21.    The Trustee's delay arguments ignore she did not refuse to exhaust administrative remedies until her May 8, 2025 withdrawal of Entrust's ADR.[50] Before that date, the Trustee *was* pursuing administrative remedies, and ERCOT appropriately argued that that administrative proceeding should be resolved before this case is. Once the Trustee abandoned her administrative claim, ERCOT promptly challenged her failure to exhaust.[51]

**E.    The Trustee fails to plead a takings claim on which relief can be granted.**

**1.    The Trustee applies the wrong test for § 1983 personhood.**

22.    A plaintiff may not bring a § 1983 claim except against a "person."[52] States and officials or entities acting on behalf of the state are not persons under § 1983.[53] In an attempt to establish ERCOT is a person, the Trustee claims the Fifth Circuit held in *In re Entrust* that ERCOT is such a person.[54] But the word "person" does not appear in the *Entrust* opinion.[55] Rather, the Fifth Circuit analyzed whether ERCOT is an "arm of the state" in the context of an *Eleventh*

---

[49] *Id.*

[50] *White v. Frank*, 895 F.2d 243, 244 (5th Cir. 1990) (administrative exhaustion requires that an administrative complaint be both filed *and ruled upon* before exhaustion is complete).

[51] Mot. ¶ 14 (discussing Trustee's withdrawal of Entrust's ADR); Notice ¶¶ 8–11.

[52] 42 U.S.C. § 1983; *Daves v. Dall. Cnty.*, 22 F.4th 522, 532 (5th Cir. 2022); *see also* Resp. ¶ 86.

[53] *Daves*, 22 F.4th at 533; *see also* Resp. ¶ 39.

[54] Resp. ¶ 87.

[55] *See generally Entrust,* 101 F.4th at 369. The word "persons" appears in *Entrust* once in reference to a Texas statute—*not* § 1983. *Id.* at 384 n.8 (discussing the PUC's power to "resolve disputes between ERCOT and aggrieved persons" (citing Tex. Util. Code § 39.151(d-4)(6))).

*Amendment* "sovereign immunity determination."[56] The analysis did not consider whether ERCOT is a person subject to § 1983 claims.[57] The Trustee misses the mark by relying on the Eleventh Amendment analysis rather than following binding Fifth Circuit precedent. Under *Daves*, the question of whether a defendant is a § 1983 "person" and whether the defendant is an "arm of the state" under the Eleventh Amendment are distinct questions.[58] ERCOT is not a person nor subject to § 1983 liability.[59]

### 2. The Trustee cannot proceed directly under the Fifth Amendment, regardless of a purported "catch-22."

23.    The Trustee purports to bring her takings claim "*either* under 42 U.S.C. § 1983 *or* as a direct claim under the Fifth Amendment Takings Clause."[60] But because the Fifth Amendment is not self-executing, the Trustee cannot plead a takings claim under it.[61] The Trustee argues the Supreme Court of the United States "has not foreclosed" a direct claim, citing *DeVillier v. Texas*, 601 U.S. 285 (2024) ("*DeVillier II*"), in which the Supreme Court did not reach the Fifth Circuit's holding that a direct claim does not exist.[62] Moreover, the Supreme Court, before *DeVillier II*,

---

[56] *Id.* at 383.

[57] *Id.*

[58] *Daves*, 22 F.4th at 532–33.

[59] The Trustee does not dispute that "the act that is being challenged in th[is] litigation" was taken on behalf of the State of Texas, and that the ERCOT officers and employees who carried it out were acting on behalf of the State. *Daves*, 22 F.4th at 533; *see also* Resp. ¶ 87 (admitting Texas law deems ERCOT a state actor); Compl. ¶ 36 ("ERCOT was acting under color of state law when it effected the Mass Transition").

[60] Compl. ¶ 37 (emphasis added).

[61] *DeVillier v. Texas*, 53 F.4th 904, 904 (5th Cir. 2023) ("*DeVillier I*") (holding that the "Fifth Amendment Takings Clause . . . does not provide a right of action for takings claims against a state") (citation omitted), *vacated on other grounds*, 601 U.S. 285 (2024) (noting that "our precedents do not cleanly answer the question whether a plaintiff has a cause of action arising directly under the Takings Clause" and not deciding the question).

[62] *DeVillier II*, 601 U.S. at 290.

found "the Constitution did not expressly create a right of action, when it mandated 'just compensation for Government takings of private property for public use'" and "there is no express cause of action under the Takings Clause," but aggrieved parties can sue under other federal statutes.[63] The Fifth Circuit and the Supreme Court have foreclosed the direct claim.

24.     It is irrelevant that the Trustee finds herself in a "catch-22" due to the lack of § 1983 personhood and a direct Fifth Amendment claim.[64] Nothing permits this Court to hear a claim where none exists. In any event, a claim may exist. As explained in *DeVillier II*, Texas's "inverse-condemnation cause of action provides a vehicle for takings claims based on both the Texas Constitution and the Takings Clause."[65] The Trustee pleaded a state-law claim in her original complaint, and after the Court dismissed it with prejudice,[66] she failed to appeal its dismissal or re-raise the claim.[67] The Trustee's argument that the law leaves her in a "catch-22" is neither relevant nor true.

### 3.     The Trustee admits takings claims sounding in contract must be dismissed.

25.     Any takings claim that sounds in contract should be dismissed.[68] In other words, when a party to a contract complains its counterpart acted improperly under the contract, the claim

---

[63] *Me. Cmty. Health Options v. United States*, 590 U.S. 296, 323 n.12 (2020) (cleaned up and quoting, *inter alia*, Const. Amdt. 5). The majority of the *en banc* Fifth Circuit declined to rehear *DeVillier I* based on *Maine Community. See DeVillier v. Texas*, 63 F.4th 416, 424 (5th. Cir. 2023) (mem. op.) (Higginson, J., concurring) ("Three terms ago, in [*Maine Community*], every Justice agreed that 'the Constitution did not expressly create a right of action when it mandated just compensation for Government takings of private property for public use.'").

[64] Resp. ¶ 92.

[65] *DeVillier II*, 601 U.S. at 293.

[66] May 25, 2022 Hr'g Tr. at 71:8–11.

[67] Orig. Compl. [ECF No. 1] ¶¶ 82–84.

[68] *Preston Hollow Cap., LLC v. Cottonwood Dev. Corp.*, 23 F.4th 550, 554 (5th Cir. 2022); *accord Mesquite Asset Recovery Grp. L.L.C. v. City of Mesquite*, ---F.4th---, 2025 WL 2700591, at *2–3

is a contract claim and not a taking.[69] It is not disputed the Mass Transition was an exercise of authority ERCOT held under the SFA and Protocols.[70] The Trustee claims—citing nonbinding authority—the taking of a contract itself is compensable under the Takings Clause.[71] She also argues she has not alleged ERCOT breached the underlying contract but rather interfered with Entrust's contracts—also allegedly compensable under the Takings Clause.[72]

26.     The Trustee's attempt to recast her allegations does not save her takings claim. In this Circuit, "business losses and frustration of contracts" "do not concern losses of property" compensable under the Takings Clause.[73] And the Complaint alleges ERCOT effected the Mass Transition because it believed Entrust was "in material breach of the SFA,"[74] and that ERCOT had a contractual right to effectuate the Mass Transition because the "Protocols . . . give[] ERCOT the right" to transition customers.[75] Thus, the claim sounds in contract and should be dismissed.

---

(5th Cir. Sept. 23, 2025) ("Where an alleged taking implicates government contracts, however, a successful takings claim is unlikely."); *Griffin Broadband Commc'ns, Inc. v. United States*, 79 Fed. Cl. 320, 323–24 (2007), *aff'd*, 287 F. App'x 108 (Fed. Cir. 2008).

[69] *See Preston Hollow*, 23 F.4th at 554.

[70] Protocols § 16.11.6.1 (defining "ERCOT's Remedies" as including a Mass Transition). The Protocols in effect in February 2021 are available at https://www.ercot.com/files/docs/2021/08/18/February_1__2021_Nodal_Protocols.pdf.

[71] Resp. ¶ 93.

[72] *Id.* ¶ 94.

[73] *United States v. 0.073 acres of land, more or less, situate in Pars. of Orleans & Jefferson, La.*, 705 F.3d 540, 547 (5th Cir. 2013); *see also Omnia Com. Co. v. United States*, 261 U.S. 502, 508–09 (1923) (impairment of a commercial steel contract was not compensable); *Hooten v. United States*, 405 F.2d 1167, 1168 (5th Cir. 1969) (per curiam) (frustration of rent collection contracts resulting from condemnation of tenement properties was not compensable).

[74] Compl. ¶ 29.

[75] *Id.* ¶ 26.

4.       **ERCOT cannot be liable for transitioning customers to a POLR.**

27.       The PUC Substantive Rules provide ERCOT will not "be liable for damages to any REP, whether under tort, contract, *or any other theory of legal liability*, for transitioning or attempting to transition" the REP's customers to a POLR.[76] The Trustee argues the PUC Substantive Rules cannot supersede the Fifth Amendment. She cites no authority for this proposition, and she ignores the Substantive Rules limit ERCOT's liability under "*any* theory of legal liability."[77]

5.       **The Trustee does not adequately plead the elements of her takings claim.**

28.       A taking occurs when (i) the government, (ii) takes private property, (iii) for public use.[78] Entrust's customers, to the extent they *were* Entrust's private property,[79] ceased to belong to Entrust when ERCOT terminated Entrust's right to participate in the Market.[80] And the Trustee failed to plead any public use of the customers following the Mass Transition.

29.       To overcome that the "taken" customers were not Entrust's private property, the Trustee points out *Nelms* addressed a § 548(a)(1) fraudulent transfer claim and not a takings

---

[76] 16 TEX. ADMIN. CODE § 25.43(o)(2) (emphasis added). The PUC Substantive Rules have the force and effect of state law. *PUC v. Constellation Energy Commodities Grp., LLC*, 351 S.W.3d 588, 595 (Tex. App.—Austin 2011, pet. denied).

[77] 16 TEX. ADMIN. CODE § 25.43(o)(2).

[78] *Degan v. Bd. of Trs. of the Dall. Police & Fire Pension Sys.*, 956 F.3d 813, 815 (5th Cir. 2020).

[79] The Trustee claims Entrust's "contracts with its customers are, as demonstrated above, private property." Resp. ¶ 99. The Trustee's support for this statement is "*supra* n. 56." *Id.* n.120. Note 56 cites case law in support of the Trustee's proposition the Court cannot deviate from the Mandate. *Id.* ¶ 48 & n.56. In any event, the Trustee's assertion that Entrust has some vested right in its customers flies in the face of Texas's regulatory regime mandating customer choice and retail competition. TEX. UTIL. CODE §§ 39.001(a) and (b).

[80] *Nelms v. TXU Retail Energy Co.*, No. 22-3025, 2022 WL 6795069, at *3–4 (S.D. Tex. Bankr. Oct. 6, 2022) (Isgur, J.).

claim.[81] This is of no consequence. Section 548(a)(1), just like the Takings Clause, requires the property at issue belong to the claimant.[82] The Trustee cites no authority to explain why the analysis should be different. The Trustee further argues ERCOT's termination of the SFA "did not by law effect the termination of separate contracts to which ERCOT is not a party."[83] Also irrelevant. As explained above, loss of contracts is not "losses of property" compensable under the Takings Clause.[84]

30.     To overcome her failure to plead a public use, the Trustee argues "the public use requirement does not act as a limitation on the Trustee's cause of action" because a private taking also violates the Constitution.[85] Be that as it may, a plaintiff's failure to allege "facts showing how [plaintiff's] property was taken for public use in contravention of a clearly established right" is fatal to a Fifth Amendment takings claim.[86] The fact that ERCOT effected the Mass Transition "to ensure electric service for all of [Texas's] citizens" does not suffice.[87] The Trustee does not allege how the transitioned customers or the contracts for sale of those customers to other REPs—the property purportedly taken—were taken so that they would be available for "use by the public."[88] And they were not. The private customers were transitioned to ensure there would be "no

---

[81] Resp. ¶ 99.

[82]  11 U.S.C. § 548(a)(1)(B) ("The trustee may avoid any transfer . . . of an interest of the debtor in property . . . .").

[83] Resp. ¶ 99.

[84] *0.073 acres of land*, 705 F.3d at 547 (5th Cir. 2013).

[85] Resp. ¶ 100.

[86] *Lucky Tunes #3, L.L.C. v. Smith*, 812 F. App'x 176, 183 (5th Cir. 2020)

[87] Resp. ¶ 100.

[88] *Kelo v. City of New London*, 545 U.S. 469, 477 (2005); *see also Eychaner v. City of Chi.*, 141 S. Ct. 2422, 2423 (2021) (Kavanaugh, J., dissenting) (noting "public use" means "the public has a right to employ" the property taken rather than simply "realizes any conceivable benefit from the taking").

interruption of service to any *customer*."[89] The Trustee pleads no facts establishing how the public use prong is satisfied by ERCOT's transition of these customers.[90]

**F.     The Trustee's gross negligence claim must be dismissed for failure to state a claim upon which relief can be granted.**

### 1.     ERCOT is immune from the Trustee's gross negligence claim.

31.     In three sentences lacking any analysis or response to the points made in the Motion, the Trustee argues ERCOT is not immune from the gross negligence claim.[91] The fundamental error in the Trustee's response is that she confuses Eleventh Amendment and state-law sovereign immunity. It is true that the Fifth Circuit has held ERCOT lacks Eleventh Amendment immunity. But here, ERCOT is asserting "*state-law immunity* from state-law claims brought in federal court."[92] The Fifth Circuit has held—and the Trustee does not dispute—that an entity entitled to state-law immunity may assert it in response to a state-law claim against the entity in federal court.[93] Eleventh Amendment immunity is not relevant.[94]

32.     Further, the Trustee abandons any argument that ERCOT's state-law immunity is waived by § 106(b).[95] This abandonment follows from the Supreme Court's recent holding that

---

[89] Compl. ¶ 24 (emphasis added).

[90] *See generally* Compl.

[91] Resp. ¶ 102.

[92] Mot. ¶ 65 (emphasis added).

[93] *E.g.*, *Wilkerson v. Univ. of N. Tex.*, 878 F.3d 147, 158–59 (5th Cir. 2017); *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017).

[94] Because the Trustee misunderstands the nature of the immunity at issue here, she also misunderstands the relevance of the Texas Tort Claims Act. The Trustee points out that the TTCA "does not waive Eleventh Amendment immunity." Resp. ¶ 102 n.126. But Eleventh Amendment immunity is not at issue here: state-law immunity—to which the TTCA applies—is. The TTCA is thus relevant to determining the substantive merits, under Texas's immunity rules, of the Trustee's state-law claim.

[95] *See* Mot. ¶¶ 66–67.

while § 106 waives a governmental entity's sovereign immunity for claims arising from the Bankruptcy Code, it does not alter the substantive law—including immunity rules—governing a state-law claim asserted in federal court.[96]

33. Because Texas law holds "ERCOT is immune from suit," and because nothing waives that state-law immunity with respect to the Trustee's state-law claim, this Court should dismiss the Trustee's gross negligence claim.[97]

### 2. Because the Trustee has not pleaded the conduct of any vice principal or agent, ERCOT cannot "act" grossly negligent.

34. The Trustee claims ERCOT advocates for an inapplicable "heightened pleading standard" by pointing out the Trustee's failure to plead any conduct of a vice principal rising to the level of gross negligence.[98] ERCOT does no such thing. A plaintiff fails to plead gross negligence where it neither pleads that the defendant "authorized or ratified its employee's conduct" nor "accuse[s] any [of the defendant's] vice principal[s] of wrongdoing."[99] Any "conclusory allegation" of the corporation's gross negligence is "inadequate on its face" when the plaintiff fails to plead any underlying vice principal or agent.[100] "[A] corporation can 'act only through agents of some character," and the Supreme Court of Texas has clarified that a corporation may only be liable for gross negligence "if it commits gross negligence through the actions or

---

[96] *Miller*, 604 U.S. at 527, 529–30; *accord In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 256–57 (5th Cir. 2006) (en banc).

[97] *CPS Energy*, 671 S.W.3d at 623.

[98] Resp. ¶ 104.

[99] *Abdallah v. Life Time Fitness, Inc., No.* 4:22-CV-00976, 2024 WL 726290, at *4 (S.D. Tex. Jan. 23, 2024) (citing *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917 (Tex. 1998)), *report and recommendation adopted*, No. 4:22-CV-00976, 2024 WL 943460 (S.D. Tex. Mar. 5, 2024).

[100] *Id.* at *4.

inactions of a vice principal."[101] This is not a heightened pleading standard; it is what is required by Rule 8.[102] Because the Trustee does not plead conduct of a vice principal, the claim should be dismissed.

### 3. Texas has not recognized a duty between ERCOT and Market Participants, and this Court should not create one.

35.   The Trustee does not engage with the *Phillips* factors[103] and so appears to concede that she is not seeking the creation of any new tort duty.[104] Therefore, the Trustee's claim must hinge on some existing tort duty owed by ERCOT to Market Participants. For a court to find an existing duty, there must be case law finding that duty under the same circumstances.[105] The Trustee tries to cobble together a duty from statute and "common law."[106] This is not sufficient to recognize a duty where none exists.

### 4. The Trustee has not pleaded the requisite conscious indifference required to sustain a gross negligence claim.

36.   The Trustee argues ERCOT is again applying a heightened pleading standard to this claim by pointing out the Trustee has pleaded no facts to support an essential element of the claim: conscious indifference to the rights of others.[107] Pleading the elements of a claim is a Rule

---

[101] *Mobil Oil Corp.*, 968 S.W.2d at 921 (citing *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 389 (Tex. 1997)).

[102] *Abdallah*, 2014 WL 726290, at *4.

[103] Mot. ¶¶ 72–80 (citing *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523 (Tex. 1990)); *see also* Resp. ¶¶ 106–11.

[104] *See* Resp. ¶¶ 109–10 (arguing *Elephant Insurance Co., LLC v. Kenyon* holds statutes create common law duty but ignoring such duty applied to *insurance providers* under statutes not at issue here).

[105] *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 145 (Tex. 2022) ("When a duty has not [already] been recognized in particular circumstances, the question is whether one should be.").

[106] Resp. ¶¶ 106–11 (citing to no case that finds a tort duty of ERCOT to market participants).

[107] *Id.* ¶ 113.

8 minimum—not heightened pleading.[108] The Trustee relies exclusively on foreseeability to demonstrate she has pleaded the requisite subjective indifference necessary to sustain her claim.[109] *Oncor* makes clear that is not sufficient.[110]

37.    By saying *Oncor* is "not relevant" to her claim, the Trustee essentially asks this Court to disregard what the State's highest court requires of its state-law claims.[111] *Oncor* dismissed, among others, a gross negligence claim pleaded against utilities stemming from the Storm because "the Utilities acted—at least in part—to comply" with the "highly relevant and restrictive guidelines" put forth by the PUC.[112] The Trustee cannot plausibly assert that, despite the Supreme Court of Texas's determination that ERCOT complied with PUC orders,[113] its conduct was nevertheless grossly negligent. Because the Trustee alleges no requisite conscious indifference, her gross negligence claim should be dismissed.

### 5.    Because the Trustee has pleaded no actual damages, her gross negligence claim must be dismissed.

38.    The Trustee cannot seek actual damages because the only conceivable direct actual damages relate to the price of electricity.[114] The Trustee claims she "is not seeking damages relating to the price of electricity."[115] Rather than explaining the basis of her alleged actual

---

[108] *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir.1999) (complaint must "set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist").

[109] Resp. ¶¶ 113, 117.

[110] *In re Oncor Electric Delivery Co., LLC*, 716 S.W.3d 525, 533–35 (Tex. 2025).

[111] Mot. ¶¶ 81–82 (citing *Oncor*, 716 S.W.3d at 533–35).

[112] *Oncor*, 716 S.W.3d at 534.

[113] *See Pub. Util. Comm'n of Tex. v. Luminant*, 691 S.W.3d 448, 465–66 (Tex. 2024).

[114] The Trustee does not appear to dispute she cannot recover consequential damages. *See* Resp. ¶¶ 119–23.

[115] *Id.* ¶ 121.

damages, however, the Trustee states she "is not required to plead damages with any specificity."[116] To have a plausible claim, the Trustee must allege enough that the Court can infer she has suffered cognizable damages.[117] There is no category of direct damages, however, other than arising from the price of electricity, that plausibly exists.

### 6.   The gross negligence claim is barred by the statute of limitations.

39.   The Trustee relies on a single magistrate opinion discussing § 1983 prisoners' rights to support the proposition that federal law somehow governs the accrual of a state-law claim under a state-law statute of limitation.[118] To the contrary, state statutes of limitation always govern their corresponding state-law claims.[119] To find otherwise would encourage forum shopping and lead to inconsistent results between federal and state courts.[120] Because Texas would bar the claim, this Court should too.

40.   Moreover, the Trustee does not plead the discovery rule or a continuing tort in her Complaint. The Trustee points to paragraph 42 in claiming otherwise.[121]  Paragraph 42 states the "failure to ensure that the grid was adequately winterized for a storm such as Winter Storm Uri is

---

[116] *Id.* ¶ 122.

[117] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'").

[118] Resp. ¶ 124 (citing *Floyd v. Polite*, No. 6:21cv274, 2021 WL 5259580, at *6 (E.D. Tex. Sept. 29, 2021)).

[119] *Walker v. Armco Steel Corp.*, 446 U.S. 740, 744–45 (1980) (reviewing *Erie* doctrine and holding "the state statute of limitations should be applied" because "[p]lainly enough, a statute that would completely bar recovery in a suit if brought in a State court bears on a State-created right vitally and not merely formally or negligibly . . . [and] [a]s to consequences that so intimately affect recovery or non-recovery a federal court in a diversity case should follow State law").

[120] *Hanna v. Plumer*, 380 U.S. 460, 467 (1965) (holding the twin-aims of the *Erie* doctrine are to prevent forum shopping and to avoid inequitable administration of the law).

[121] Resp. ¶ 127 & n.165.

inherently unknowable."[122] The allegation does not support her argument for tolling, and the Trustee raises both theories for the first time in her Response. This is inappropriate. First, "[a] plaintiff seeking to avail itself of the discovery rule must plead the rule's application in its original complaint or in an amended or supplemental complaint in response to a defendant's limitations defense."[123] And second, neither the discovery rule nor continuing tort rule applies to gross negligence.[124]

41.    Even the Trustee's Response, in which the Trustee still relies on a 2011 winterization report to plead ERCOT "failed to learn the lessons of 2011,"[125] confirms the inapplicability of tolling. Entrust's alleged injury from ERCOT's failure to winterize beginning in 2011 is "the type of injury that generally is discoverable by the exercise of reasonable diligence."[126] This is particularly true when a plaintiff has a common library of accessible information in the industry "including Railroad Commission" and other records.[127] The Trustee's gross negligence claim is barred by the two-year statute of limitations.

---

[122] Compl. ¶ 42.

[123] *Siverston v. Citibank, N.A.*, 309 F. Supp. 3d 785, 785–86 (E.D. Tex. 2019) (internal citation omitted); *see also Suter v. Univ. of Tex. San Antonio*, 495 F. App'x 506, 510 (5th Cir. 2012).

[124] *Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Tex.*, 20 F.3d 1362, 1372–73 (5th Cir. 1994) (holding discovery rule does not apply to negligence claims); *Moon v. City of El Paso*, 906 F.3d 352, 357–58 & n.12 (5th Cir. 2018) (holding continuing tort doctrine does not apply to negligence claims).

[125] Resp. ¶ 12.

[126] *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 735 (Tex. 2001) (citing *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 886 (Tex.1998)).

[127] *Id.* at 735–36.

**7.    The economic loss doctrine bars the Trustee's recovery for her gross negligence claim.**

42.    The Trustee argues not all tort claims are barred between contracting parties. But her reliance on *Chapman Custom Homes* is misplaced.[128] Rather, the Supreme Court of Texas determined that the economic loss rule can be avoided only when the "harm suffered is not merely the economic loss of a contractual benefit."[129] The Trustee pleads no property damage or personal injury outside the loss of a contractual benefit.[130]

**G.    The Trustee should not be permitted leave to amend her claims *again*.**

43.    The Trustee makes a bald request for leave to amend should the Court grant the Motion.[131] While she acknowledges courts should consider repeated failure to cure deficiencies in previous amendments and the futility of allowing further amendment, the Trustee claims she should be entitled to replead because this is "only" the third time she has attempted to state her claims.[132] This is precisely the reason leave to amend should be denied. The Trustee's repeated attempts to plead her claims demonstrate any further amendment would be futile. Furthermore, the Trustee fails to describe *how* she would fix her claims if given the opportunity. Indeed, the Fifth Circuit has determined dismissal without leave is appropriate where a plaintiff makes "only general request for leave to amend" and does not "identify" how it would cure the defects in the complaint.[133] Leave to amend should be denied.

---

[128] Resp. ¶ 131 (citing *Chapman Custom Homes, Inc. v. Dall. Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014)).

[129] *Chapman Custom Homes*, 445 S.W.3d at 719 (citing *LAN/STV v. Martin K. Eby Const. Co., Inc.*, 435 S.W.3d 234 (Tex. 2014)).

[130] Compl. ¶¶ 38–43; *see also supra* Part II.E.3.

[131] Resp. ¶ 132.

[132] *Id.* ¶ 133.

[133] *Blaire v. Deutsche Bank Nat'l Tr. Co.*, 609 F. App'x 767, 769–70 (5th Cir. 2015).

## III.   CONCLUSION AND REQUEST FOR RELIEF

ERCOT respectfully requests this Court grant its Motion and abstain from deciding or dismiss this adversary proceeding with prejudice.

Dated: October 14, 2025                Respectfully submitted,

                                       **MUNSCH HARDT KOPF & HARR, P.C.**

                                       By: */s/ Jamil N. Alibhai*
                                       _____
                                            Kevin M. Lippman
                                            Texas Bar No. 00784479
                                            klippman@munsch.com
                                            Jamil N. Alibhai
                                            Texas Bar No. 00793248
                                            jalibhai@munsch.com

                                            4000 Ross Tower
                                            500 N. Akard Street
                                            Dallas, Texas 75201-6659
                                            Telephone: (214) 855-7500
                                            Facsimile: (214) 855-7584

                                       **COUNSEL FOR DEFENDANT ELECTRIC
                                       RELIABILITY COUNCIL OF TEXAS, INC.**

### CERTIFICATE OF SERVICE

I certify that on October 14, 2025, the foregoing document was served on all counsel of record via the Court's electronic filing system.

                                       By: */s/ Jamil N. Alibhai*
                                       _____
                                            Jamil N. Alibhai