United States Bankruptcy Court
Southern District of Texas

**ENTERED**

March 11, 2026

Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 21-31070** |
| **ENTRUST ENERGY, INC.,** *et al.*, | § | |
| | § | **CHAPTER 11** |
| | § | |
| Debtors. | § | |
| | § | |
| **ANNA PHILLIPS, AS TRUSTEE OF THE ENTRUST LIQUIDATING TRUST,** | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 22-3018** |
| | § | |
| **ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.,** | § | |
| | § | |
| Defendant. | | |

## MEMORANDUM OPINION

Electric Reliability Council of Texas ("ERCOT") moves for summary judgment on the gross negligence claim asserted by Anna Phillips, as Trustee of the Entrust Liquidating Trust.[1]  The gross negligence claim is the only remaining claim asserted by the Trustee. ERCOT is awarded a final, take-nothing judgment.

---

[1] ECF No. 129.  ERCOT previously moved to dismiss the Trustee's gross negligence claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF No. 109.  The Court *sua sponte* converted ERCOT's motion to dismiss into a motion for summary judgment.  ECF No. 123.

## BACKGROUND

This adversary proceeding arises out of the events of Winter Storm Uri in February 2021, which rendered Entrust Energy, Inc. insolvent.

The facts of this case have been discussed at length by this Court and the United States Court of Appeals for the Fifth Circuit. *Phillips v. Electric Reliability Council of Tex. (In re Entrust Energy Inc.),* Case No. 21-31070, Adv. No. 22-3018, 2025 WL 3558739 (Bankr. S.D. Tex. Dec. 11, 2025); *Phillips v. Electric Reliability Council of Tex. (In re Entrust Energy Inc.),* 101 F.4th 369 (5th Cir. 2024).

On December 11, 2025, the Court denied ERCOT's request to abstain, dismissed the Trustee's takings claim, and converted ERCOT's motion to dismiss the Trustee's gross negligence claim into a motion for summary judgment.[2]  Thereafter, the parties submitted supplemental briefing.[3]

## JURISDICTION & VENUE

28 U.S.C. § 1334(a) provides the District Court with jurisdiction over this proceeding.  28 U.S.C. § 157(b)(1) states that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title."  This proceeding has been referred to this Court under General Order 2012-6 (May 24, 2012).  This is a core proceeding which the Court can consider under 28 U.S.C. §§ 157(b)(2)(A) and (B). The Court has constitutional authority to enter final orders and judgments.  *Stern v. Marshall*, 564 U.S. 462, 486–87 (2011).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2] ECF Nos. 123; 125.

[3] ECF Nos. 129−31.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure, made applicable in these proceedings by Bankruptcy Rule 7056, provides that: "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also* FED. R. BANKR. P. 7056. Summary judgment is not "a disfavored procedural shortcut," but rather an "integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Where the only issue before the court is a pure question of law, summary judgment is appropriate. *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).

## DISCUSSION

ERCOT moves for summary judgment on the Trustee's gross negligence claim, contending that it is immune from liability under Texas law.[4] The Trustee opposes summary judgment and argues ERCOT is not entitled to immunity because the Fifth Circuit held that ERCOT was not entitled to sovereign immunity under the Eleventh Amendment of the United States Constitution.[5]

The Trustee's supplemental brief does not raise any genuine dispute as to any material fact. It merely provides legal argument. The Trustee's position confuses the concepts of constitutional sovereign immunity from suit in federal court with state-law immunity from liability under Texas law. The Court reiterates its previous discussion,[6] hopefully with more clarity.

The decision in this case turns upon ERCOT's immunity from *liability* under Texas law—*not* whether ERCOT has sovereign immunity

---

[4] ECF No. 129, at 3–4.

[5] ECF No. 130, at 3–8.

[6] ECF No. 123, at 13–14.

from *suit* under the Constitution.  *In re Entrust Energy Inc.*, 101 F.4th at 387.

The doctrine of sovereign immunity has ancient origins that long predate American law.  *Cutter v. Tarrant Cnty. Loc. Workforce Dev. Bd.*, 943 F.3d 265, 268 (5th Cir. 2019).  Historically, the king was accountable to no man, and no suit could be brought against him, because no court could have jurisdiction over him.  *Id.* (citing 1 WILLIAM BLACKSTONE, COMMENTARIES *241−42).

While the American revolution and constitutional convention marked a rejection of the monarchy, the principle of sovereign immunity lived on.  Although the Constitution established a powerful national government with broad powers, it "specifically recognize[d] the States as sovereign entities." *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 71 n.15 (1996).  Indeed, at the nation's founding, Alexander Hamilton insisted that the federal courts wouldn't dare entertain individuals' suits against the states because "[i]t is inherent in the nature of [a State's] sovereignty not to be amenable to the suit of an individual without its consent."  THE FEDERALIST NO. 81, at 487 (Alexander Hamilton) (Clinton Rossiter ed., 1961).

Hamilton, however, was wrong.  *See Chisholm v. Georgia*, 2 U.S. (2 Dall.) 419 (1793).  In *Chisholm*, the Supreme Court held that Article III authorized a private citizen of another state to sue the state of Georgia without its consent.  *Id.*  Congress quickly responded and the Eleventh Amendment was ratified shortly thereafter.  *Alden v. Maine*, 527 U.S. 706 721 (1999).  The text of the Eleventh Amendment prohibits an individual from suing a foreign state in federal court.  *See* U.S. CONST. amend. XI.  In subsequent decisions, the Supreme Court restored the original constitutional design understood by the framers and have clarified that the Eleventh Amendment reflects "the fundamental principle of sovereign immunity [that] limits the grant of judicial authority in Art. III." *Seminole Tribe of Fla.*, 517 U.S. at 64−65 (quoting *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 97−98 (1984)).

Constitutional sovereign immunity, however, only protects a state or arms of the state from suit in federal court.  *Regents of the Univ.*

*of Cal. v. Doe*, 519 U.S. 425, 429 n.5 (1997). The Fifth Circuit determined as matter of federal law that ERCOT is not a state or an arm of the State of Texas. *In re Entrust Energy Inc.*, 101 F.4th at 387. Because ERCOT is not a state or an arm of the state under federal law, constitutional sovereign immunity does not deprive this Court of jurisdiction over this case.

The presence of Federal Court jurisdiction is only the beginning of the inquiry. States are sovereigns as well. The presence of jurisdiction does not control the issue of whether state sovereign immunity may preclude liability.

A State may be immune from suit in a state forum derived from its sole control of its own courts. *Alden*, 527 U.S. at 740, 749. Indeed, the doctrine of state sovereign immunity is inherent in Texas statehood. *Univ. of the Incarnate Word v. Redus*, 602 S.W.3d 398, 403 (Tex. 2020). Under this doctrine, "no state can be sued in her own courts without her consent, and then only in the manner indicated by that consent." *Id.* (internal quotations omitted).

In Texas, state-law immunities include two distinct components: immunity from liability and immunity from suit. *Anthology, Inc. v. Tarrant Cnty. Coll. Dist.,* 136 F.4th 549, 552−53 (5th Cir. 2025). And it follows that whether a person is entitled to state-law immunity is a matter of state law.

Under Texas law, ERCOT "enjoys sovereign immunity as an arm of the state." *CPS Energy v. Electric Reliability Council of Texas*, 671 S.W.3d 605, 628 (Tex. 2023). In *CPS Energy*, the Texas Supreme Court held that ERCOT enjoys sovereign immunity under Texas law and dismissed the case for want of jurisdiction. *Id.* at 628. But as noted in this Court's December 11, 2025 Memorandum Opinion, sovereign immunity under Texas law cannot and does not limit the jurisdiction of this Court. Only Congress and the Constitution can define and limit the jurisdiction of federal courts. *Anthology*, 136 F.4th at 553.

The Court has bankruptcy jurisdiction over this matter under 28 U.S.C. § 1334. So, despite ERCOT's sovereign immunity from suit under Texas law, ERCOT is still subject to suit in this Court.

Courts in this circuit have run into similar situations when an entity that is entitled to sovereign immunity removes a case from state court to federal court and consequentially waives its sovereign immunity from suit. *See Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 242−43 (5th Cir. 2005), *reh'g and reh'g en banc denied*, 454 F.3d 503 (5th Cir. 2006), *cert. denied,* 550 U.S. 917 (2007). In such cases, the Fifth Circuit has concluded that "the Constitution permits and protects a state's rights to relinquish its immunity from suit while retaining its immunity from liability." *Id.* at 255.

As Judge Rosenthal cogently explained in *Kelley v. Papanos, Myers* holds that the state "may assert its state sovereign immunity as defined by Texas law *as a defense against [a] claim in federal court.*" *Kelley v. Papanos*, Case No. H-11-0626, 2012 WL 208446, at *3 (S.D. Tex. Jan. 24, 2012) (emphasis added) (internal quotations omitted). Based on that issue, Judge Rosenthal dismissed the claim against Texas "for failure to state a claim under Rule 12(b)(6)." *Id.* at *5; *see also Garcia v. Univ. of Tex. Sw. Med. Ctr.*, Case No. 3:11-CV-3282-B, 2013 WL 1759421, at *5−6 (N.D. Tex. Apr. 24, 2013).

When adjudicating state law claims, bankruptcy courts apply state law in adversary proceedings unless an overriding bankruptcy policy requires otherwise. *Sosebee v. Steadfast Ins. Co.*, 701 F.3d 1012, 1024 (5th Cir. 2012) (citing *Butner v. United States*, 440 U.S. 48, 55 (1979)). The Trustee's gross negligence claim is brought under Texas law, and no overriding bankruptcy policy requires application of federal law.[7]

Under substantive Texas law, ERCOT is entitled to *state-law* sovereign immunity from liability. *CPS Energy*, 671 S.W.3d at 628. While the Texas Legislature has provided a limited waiver of sovereign immunity, the Trustee's gross negligence claim does not fall within the limited range of causes of action where Texas has waived sovereign immunity. *See* TEX. CIV. PRAC. & REM. CODE § 101.21 (waiving sovereign immunity for use of publicly owned automobiles, premises defects, and

---

[7] ECF No. 108, at 11−13.

6 / 7

injuries arising out of conditions or use of property).[8]   Thus, because
ERCOT is immune from liability on the Trustee's gross negligence claim
under Texas law, the Trustee's claim fails as a matter of law.

The Court notes that this case presented complex issues of state-
law immunities and it commends counsel from both the Trustee and
ERCOT for their efforts.

## CONCLUSION

For the reasons set forth above and the reasons set forth in this
Court's December 11, 2025 Memorandum Opinion,[9] the Court will issue
a final take-nothing judgment in favor of ERCOT.

SIGNED 03/11/2026

Marvin Isgur
United States Bankruptcy Judge

---

[8] "The Texas Tort Claims Act . . . does not waive sovereign immunity from liability for
gross, as distinguished from simple, negligence." *Cantu v. Harris Cnty.*, No. 4:24-cv
2447, 2025 WL 786617, at *5 (S.D. Tex. Mar. 12, 2025) (Hanen, J.) (quoting *Hockaday
v. Tex. Dep't, of Crim. Just., Pardons & Paroles Div.*, 914 F. Supp. 1439, 1447 (S.D.
Tex. 1996)).

[9] ECF No. 123.